UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSANNA RODRIGUEZ,           )
                             )
    Plaintiff,                )      No. 16 C 10010
                             )
    v.                       )      Magistrate Judge M. David Weisman
                             )
QUEST DISGNOSTICS, INC.,      )
                             )
    Defendant.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendant for its alleged violations of Title VII and the Illinois Human Rights Act.[1] The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court denies the motion.

**Facts**

Plaintiff worked for defendant as a phlebotomist from May 2012 until January 27, 2016. (Pl.'s Resp. Def.'s Rule 56.1 Stmt., ECF 40 ¶ 2.) During her employment, plaintiff was subject to defendant's timekeeping policies, which required employees to punch in and out each day and to complete an adjustment log for any missed punch. (*Id.* ¶¶ 5-7.)

On September 12, 2012, plaintiff's supervisor, Barbara Minter, had a discussion with plaintiff regarding her tardiness on six days between July and September 2012. (*Id.* ¶ 3; Def.'s Ex. F, 9/26/12 Summary of Discussion, ECF 38-6.) Minter's summary of the discussion states: "Susanna, your attendance record is currently at an unacceptable level and must improve

---

[1] Plaintiff has voluntarily dismissed her Count III claim for violation of the Family Medical Leave Act. (*See* Pl.'s Resp. Def.'s Rule 56.1 Stmt., ECF 40 ¶ 1.)

immediately. Please be advised that failure to maintain an acceptable level of dependability may jeopardize your continued employment with [defendant]." (Def.'s Ex. F, 9/26/12 Summary of Discussion, ECF 38-6.)

On June 14, 2013, Minter had a discussion with plaintiff regarding three unscheduled absences. (Def.'s Ex. G, 6/14/13 Summary of Discussion, ECF 38-7.) Minter's summary of that discussion states: "Susanna, your attendance record is currently at an unacceptable level and must improve immediately. Please be advised that failure to maintain an acceptable level of dependability may jeopardize your continued employment with [defendant]." (*Id.*)

On January 26, 2014, Minter had a discussion with plaintiff regarding three unscheduled absences. (Def.'s Ex. H, 1/26/14 Summary of Discussion, ECF 38-8.) Minter's summary of the discussion states: "These incidents are unacceptable. Attendance is a requirement of the position. The attendance issues outlined above show that Susanna is not meeting the minimum requirements and responsibilities of her position." (*Id.*)

On October 29, 2014, Minter had another discussion with plaintiff about unscheduled absences. (Def.'s Ex. I, 10/29/14 Summary of Discussion, ECF 38-9.) Minter's summary of the discussion states: "These incidents are unacceptable. Attendance is a requirement of the position. The attendance issues outlined above show that Susanna is not meeting the minimum requirements and responsibilities of her position." (*Id.*)

Despite plaintiff's problems with attendance and timeliness, in each of plaintiff's performance evaluations for 2012-14 Minter said that plaintiff "achieves expectations."[2] (*See* Def.'s Exs. C-E, Performance Evaluations, ECF 38-3-5.)

---

[2] Defendant did not give plaintiff a 2015 evaluation before it terminated her in January 2016. (Pl.'s Resp. Def.'s 56.1 Stmt., ECF 40 ¶ 29.)

On February 12, 2015, Minter gave plaintiff a written warning for tardiness and unscheduled time off. (Def.'s Ex. J, 2/12/15 Written Warning, ECF 38-10.)

On May 3, 2015, Minter gave plaintiff a final written warning for unscheduled time off. (Pl.'s Resp. Def.'s 56.1 Stmt., ECF 40 ¶ 20.)[3] After receiving the warning, plaintiff gave Minter notes from her doctor stating that plaintiff had been in the doctor's office on the dates of the absences. (*See* Def.'s Ex. K, ECF 38-11.) After receiving the notes, Minter removed the warning. (Pl.'s Resp. Def.'s Rule 56.1 Stmt., ECF 40 ¶ 21.)

On June 19, 2015, Minter had a discussion with plaintiff about her failure to punch in on June 8, 2015 and her adjustment log for that missed punch. (*Id.* ¶ 22.) Though plaintiff denies it, Minter says plaintiff falsely completed an adjustment log for that missed punch. (*Id.*) In any event, Minter's summary of the discussion states: "If any additional performance issues occur[,] Susanna understands that additional corrective actions may occur, up to and including termination of employment." (Def.'s Ex. L, 6/19/15 Summary of Discussion, ECF 38-12.)

In July 2015, plaintiff became pregnant. (Pl.'s Stmt. Add'l Facts ¶ 1.)

On September 11, 2015, Minter gave plaintiff a final written warning for leaving her worksite without clocking out or getting approval from her supervisor. (Def.'s Ex. M, 9/11/15 Final Written Warning: Performance, ECF 38-13.) The warning says that "[i]f any additional performance issues occur[,] Susanna understands that additional corrective actions may occur, up to and including termination of employment." (*Id.*)

In January 2016, Minter prepared a termination recommendation for plaintiff. (*See* Def.'s Ex. T, Gatewood Decl., Ex. 8, Termination Recommendation, ECF 38-20.) In it, Minter states:

Since being placed on the last corrective action, the following incidents occurred:

---

[3] Plaintiff did not deny the facts asserted in paragraph 20 of defendants' Rule 56.1 statement. Thus, she is deemed to have admitted them. *See* Local Rule 56.1(b)(3)(C).

> 1. From 12/2/2015 to 1/14/2016, Susanna had 10 missed punches. It states in the Great Lake Region Missed Punch Policy that ten occurrences within [a] 180 day period is performance management.
> 2. On 1/13/2016, Susanna punched in and out at 10:35am to 5:00pm. There was knowledge that Susanna took an hour lunch. Susanna did not complete an adjustment log showing that she took lunch. This is a violation [of] the Great Lakes Region Missed Punch Policy and the Great Lakes Region Workforce Central Timekeeper Policy.
> 3. When I asked Susanna on 1/21/2016 about the situation, she stated the she forgot to punch in or the punch did not take during the time frame of 12/2/2016 to 1/14/2016. When I asked her if she took a lunch on 1/13/2016 she stated "no." When I asked her a second time she stated "oh yes I did, I forgot, I got soup, I took 30 minutes." I asked why she did not punch in and out for lunch and she stated "I forgot."

(*Id.*) Thereafter, Minter obtained approval from defendant's human resources department to terminate plaintiff. (Pl.'s Resp. Def.'s 56.1 Stmt., ECF 40 ¶ 38.)

On January 27, 2016, Minter terminated plaintiff. (*Id.* ¶ 41.) Though Minter denies it, plaintiff alleges that during the termination meeting Minter said "she thought it best if Plaintiff didn't work anymore due to her doctors' appointments, that she thought it best for Plaintiff to deal with her health and her pregnancy and that Plaintiff was not able to meet Minter's expectations due to her pregnancy and all of her doctors' appointments." (Pl.'s Stmt. Add'l Facts, ECF 40 ¶ 23.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Summary judgment is appropriate only when the record as a whole establishes

that no reasonable jury could find for the non-moving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Title VII requires employers to treat "women affected by pregnancy . . . the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). The Illinois Human Rights Act ("IHRA") contains nearly identical language. *See* 775 Ill. Comp. Stat. 5/2-102(I) (stating that it is a civil rights violation for an employer to discharge an employee "on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth" and mandating that "[w]omen affected by pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work").[4] To defeat defendant's motion on these claims, plaintiff must offer evidence that suggests her pregnancy was a motivating factor for her termination. *Maldonado v. U.S. Bank*, 186 F.3d 759, 763 (7th Cir. 1999); *see Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) ("[The] legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action.").

Viewed favorably to plaintiff, the record shows that: (1) defendant's human resources department decided to terminate plaintiff based on Minter's recommendation (Pl.'s Resp. Def.'s 56.1 Stmt., ECF 40 ¶ 38); (2) during the termination meeting, Minter told plaintiff she was not meeting Minter's expectations because of her pregnancy (Pl.'s Stmt. Add'l Facts, ECF 40 ¶ 23); (3) since January 2013, Minter has only disciplined two other employees for missing punches, and

---

[4] Though plaintiff argues in her response brief that defendant should have accommodated her alleged pregnancy-related memory loss (*see* Pl.'s Resp., ECF 39 at 9-10), Title VII does not require accommodation, *see Marshall v. American Hospital Association*, 157 F.3d 520, 525 (7th Cir. 1998), and plaintiff has not asserted a claim for failure to accommodate under the Americans with Disability Act or any other statute.

5

neither was terminated (*id.* ¶ 22; Def.'s Resp. Pl.'s Stmt. Add'l Facts ¶ 22; *id.*, Ex. D, Def.'s Answers Pl.'s 2d Set Interrogs., ECF 42-4 at 2-5); and (4) despite plaintiff's issues with attendance and tardiness, Minter said in each of plaintiff's performance reviews that she "achieve[d] expectations" (*see* Def.'s Exs. C-E, Performance Evaluations, ECF 38-3-5). Because this evidence, if believed, "would permit a reasonable factfinder to conclude that the plaintiff's [pregnancy] caused the discharge," *Ortiz*, 834 F.3d at 765, the Court denies defendant's motion for summary judgment.[5]

## Conclusion

For the reasons set forth above, the Court dismisses, at plaintiff's request, the Family Medical Leave Act claim asserted in Count III of the complaint and denies defendant's motion for summary judgment [35].

**SO ORDERED.**  **ENTERED: July 2, 2018**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**

---

[5] The parties analyze the evidence using the *McDonnell Douglas* framework, but the Court is not required to do the same. *See Maldonado*, 186 F.3d at 763 ("If a plaintiff merely emphasizes one method of proof, but the proper result is clear under the other method, we need not rely on procedural niceties and ignore the obvious.") (quotation omitted).